IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MELODEE H. and JON H. on          )          CIVIL NO. 07-00256 HG-LEK
behalf of their son Kelii H.,     )
                                  )
          Plaintiffs,             )
                                  )
     vs.                          )
                                  )
DEPARTMENT OF EDUCATION,          )
STATE OF HAWAII,                  )
                                  )
          Defendants.             )
_____   )

**REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Before the Court, pursuant to a designation by Chief United States District Judge Helen Gillmor, is the Motion for an Award of Attorneys' Fees and Costs ("Motion"), filed on May 27, 2008 by Plaintiffs Melodee H. and Jon H., on behalf of their son Kelii H. (collectively "Plaintiffs"). Plaintiffs request an award of $36,099.20 in attorneys' fees and $1,689.92 in costs, including general excise tax, for a total award of $37,789.12. Defendant State of Hawaii Department of Education ("Defendant") filed its memorandum in opposition on June 30, 2008, and Plaintiffs filed their reply on July 15, 2008. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions and the relevant legal

authority, the Court FINDS and RECOMMENDS that Plaintiffs' Motion
be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that
the district judge award Plaintiffs $28,924.33 in attorney's
fees, and $850.00 in costs, for a total award of $29,774.33.

## BACKGROUND

Kelii H. ("Student") is a special education student who
has been diagnosed with Velocardiofacial Syndrome.  The issue in
this Individuals with Disabilities in Education Act, 20 U.S.C.
§ 1400, et seq. ("IDEA"), case was whether Defendant denied
Student a free appropriate public education ("FAPE") by failing
to properly convene an individualized education program ("IEP")
meeting to discuss Defendant's proposed placement for Student for
the 2004-2005 school year.  The case has been previously reversed
and remanded by this district court, on this and other issues, on
two prior occasions.  The parties and the Court are familiar with
the factual and procedural history in this case and the Court
will only summarize the events that are relevant to the instant
Motion.

## I.  Appeal 1

Civil Number 05-00279 HG-LEK ("Appeal 1") addressed
Plaintiffs' appeal of a Hearing Officer's March 21, 2005
decision, which dealt with the preclusive effect of a Hearings
Officer's September 3, 2004 decision.  In an August 18, 2005
order, the district judge affirmed the March 21, 2005 decision in

part and revised it part ("August 2005 Order").  The district judge ruled that, because the Hearings Officer ruled in the September 3, 2004 decision that the services offered in Student's June 18, 2004 IEP were appropriate and Plaintiffs did not appeal that decision, Plaintiffs were precluded from litigating the appropriateness of the services offered in that IEP.  Plaintiffs, however, could litigate the issue whether the location that the June 18, 2004 IEP offered for the 2004-2005 school year provided a FAPE.  The district judge ruled that Plaintiffs could proceed with their request for an impartial hearing on that issue alone.  Judgment was entered pursuant to the August 2005 Order on November 10, 2005.

## II.  **Appeal 1 Fee Action**

On November 22, 2005, Plaintiffs filed their Complaint in Civil Number 05-00731 JMS-BMK ("Appeal 1 Fee Action"), seeking a determination that they were the prevailing party in Appeal 1 and an award of attorneys' fees and costs incurred therein.[1]  On April 27, 2006, United States Magistrate Judge Barry M. Kurren issued a Findings and Recommendation to Deny Plaintiffs' Motion Regarding Entitlement to Fees.  Judge Kurren found that Plaintiffs were not the prevailing party because nothing that had

---

[1] Plaintiffs' counsel included the fees incurred in Appeal 1 and the Appeal 1 Fee Action in the same billing statement. [Motion, Decl. of Stanley E. Levin ("Levin Decl."), Exh. A.]  The Court, however, will consider those proceedings separately.

transpired to that point either in federal court or at the
administrative level changed the relationship between the
parties.  Plaintiffs did not have a judgment, consent decree, or
settlement to enforce requiring Defendant to reimburse them for
Student's education expenses.  United States District Judge J.
Michael Seabright adopted Judge Kurren's findings and
recommendation on May 17, 2006.

III. **Administrative Proceedings**

On August 26, 2005, Plaintiffs' counsel informed the
Office of Administrative Hearings of the district judge's
decision and requested that the matter be scheduled for hearing.
On September 19, 2005, Hearings Officer Haunani H. Alm dismissed
Plaintiffs' case for lack of subject matter jurisdiction.
Pursuant to 34 C.F.R. § 300.511(a) and H.A.R. § 8-56-77(a), a
hearings officer must issue a final decision within forty-five
days of a request for hearing, unless one of the parties requests
an extension.  Plaintiffs made their request for a due process
hearing on November 12, 2004.  Although the forty-five-day period
had been extended a number of times, neither party requested an
extension beyond May 16, 2005.  That date, however, fell during
the pendency of Appeal 1.

Instead of appealing the September 19, 2005 decision,
Plaintiffs filed a new Request for Impartial Due Process Hearing
to address, *inter alia*, the issue set forth in the August 2005

4

Order.  On December 14, 2005, Hearings Officer Richard A. Young entered an order granting partial summary judgment in favor of Defendant.  Based on Hearings Officer Alm's September 19, 2005 decision, Hearings Officer Young ruled that Plaintiffs could not re-litigate the appropriateness of the 2004-2005 educational program offered to Student.

## IV.  <u>Appeal 2</u>

Plaintiffs filed the Complaint in Civil Number 06-00030 HG-LEK on January 17, 2006 ("Appeal 2").  Plaintiffs sought to have Hearings Officer Alm's September 19, 2005 decision set aside on the ground that she did not have subject matter jurisdiction because the judgment in Appeal 1 had not been entered yet. Plaintiffs also sought the reversal of Hearings Officer Young's December 14, 2005 decision and a remand for a full hearing on the issue set forth in the August 2005 Order.  The district judge granted both requests in an October 11, 2006 order.  Final judgment in Appeal 2 was entered on October 24, 2006.

## V.  <u>Due Process Hearing</u>

Hearings Officer Alm conducted a hearing pursuant to the October 11, 2006 order in Appeal 2 on February 15, 2007 and March 12, 2007 ("Due Process Hearing").  On April 23, 2007, Hearings Officer Alm issued a Findings of Fact, Conclusions of Law, and Decision ("April 2007 Decision").  Hearings Officer Alm ruled that the location that Defendant offered Student for the

5

2004-2005 school did not deny Student a FAPE.  Hearings Officer
Alm denied Plaintiffs' request for reimbursement of Student's
educational costs for the 2004-2005 school year and deemed
Defendant the prevailing party.

## VI.  **Appeal 3**

Plaintiffs filed their Complaint in the instant action
on May 16, 2007, seeking: the reversal of the April 2007
Decision; a determination that the location Defendant offered
Student for the 2004-2005 school year denied him a FAPE; and an
order for the reimbursement of Student's educational and related
costs for the summer and fall of 2004 and the 2004-2005 school
year.  The district judge conducted a hearing on March 24, 2008
and orally ruled in Plaintiffs' favor.  In the May 13, 2008
written order memorializing the decision, the district judge
ordered:

> (1) The Hearings Officer's April 23, 2007 Decision
>     is **REVERSED**;
> (2) the Department of Education is **ORDERED** to
>     reimburse Plaintiffs for the 2004-05 school
>     year;
> (3) Plaintiffs are the prevailing parties; and
> (4) the Clerk of Court is **DIRECTED** to enter
>     judgment in favor of Plaintiffs.

[Order Reversing Hearings Officer's April 23, 2004 Decision and
Ordering Defendant to Reimburse Plaintiffs for the 2004-05 School
Year, filed May 13, 2008 ("May 2008 Order"), at 25 (emphases in
original).]  Judgment was entered on May 13, 2008.

## VII. **Motion for Attorney's Fees and Costs**

In the instant Motion, Plaintiffs argue that, as the prevailing parties, they are entitled to attorney's fees and costs associated with Appeal 1, the Appeal 1 Fee Action, Appeal 2, the Due Process Hearing, and Appeal 3.   Plaintiffs seek reimbursement for all work in these proceedings at counsel's current rates: $285 per hour for Stanley E. Levin, Esq.; and $185 per hour for Susan Dorsey, Esq.   [Mem. in Supp. of Motion at 8.] They argue that this is appropriate to compensate them for the delay in receiving payment in a case which has extended over a lengthy period of time.   Further, Plaintiffs argue that counsel's rates are consistent with the prevailing rates in the community for attorneys of comparable skill, experience, and reputation. Plaintiffs also argue that the number of hours expended in the case was reasonable, even if some of the work was ultimately unnecessary because the work was clearly reasonable at the time counsel performed it.

Plaintiffs seek $5,015.00 in paralegal fees as part of the costs of litigation.   Bruce Ellis' rate is $85 per hour and Plaintiffs note that the district court has awarded his this rate in the past.   [Id. at 9 (citing Alicia F. v. DOE, CV NO. 06-00268 HG-BMK).[2]]   Plaintiffs also seek photocopying, messenger fees,

_____

[2] Plaintiffs attached the pertinent court filings from Alicia F., et al. v. Department of Education, CV 06-00286 HG-BMK,
(continued...)

filing fees, and sheriff's fees.  They argue that these were necessary and are the type of fees normally charged to fee paying clients.

Finally, Plaintiffs argue that the instant Motion is clearly timely with regard to the Due Process Hearing and Appeal 3, but they also argue that it is timely as to the request for fees in Appeal 1, the Appeal 1 Fee Action, and Appeal 2. Although the Motion was not filed within fourteen days of the judgments in those proceedings, they were ancillary to Plaintiffs' success in Appeal 3.  Plaintiffs also note that, in the Appeal 1 Fee Action, Judge Seabright ultimately denied their request for fees because Plaintiffs were not the prevailing party at that time.

In its memorandum in opposition, Defendant argues that the instant case is only an appeal of the April 2007 Decision and therefore Plaintiffs are only entitled to attorney's fees and costs associated with the Due Process Hearing and Appeal 3. Defendant argues that nothing in the May 2008 Order authorizes an award of attorney's fees and costs associated with other

---

[2](...continued)
to their reply.  The Order Adopting in Part and Rejecting in Part Report of Special Master Finding and Recommending that Plaintiffs' Motion to Approve the Settlement and Award Attorneys' Fees and Costs Be Granted in Part and Denied in Part, filed February 21, 2007 ("Alicia F. Order"), is Exhibit A, and the magistrate judge's Alicia F. Report of Special Master, filed December 29, 2006 ("Alicia F. Report"), is Exhibit B.

proceedings.  Further, Defendant notes that Plaintiffs did not file the instant Motion within fourteen days after the entry of judgment in the other proceedings, as required by Local Rule 54.3.

With regard to counsel's requested hourly rates, Defendant notes that the billing entries in the Motion go back to March 2005 and, prior to Judge Kurren's December 29, 2006 report in Alicia F., Mr. Levin had been awarded $275 per hour. Defendant argues that the Court should apply the rates in effect at the time counsel performed the work, rather than counsel's current rates.  Defendant also argues that the Court should only award Ms. Dorsey $150 per hour, the hourly rate she was awarded in Alicia F.  Although Ms. Dorsey may have been awarded $185 per hour in Knox v. City & County of Honolulu, Civil Number 04-00260 HG-KSC, Order Adopting Report of Special Master (Sept. 19, 2005), that was not an IDEA case.

In addition, Defendant argues that Mr. Levin and Mr. Ellis cannot bill for their attendance at the same meeting or hearing.  Defendant notes that in Alicia F., the district judge directed Mr. Levin to file more extensive briefing and citations in future cases if he sought compensation for the meetings that Mr. Ellis attended with him as an accommodation for his Parkinson's disease.  Defendant argues that, because Mr. Levin did not do so in the instant case, the Court should disallow all

duplicate appearances by Mr. Ellis.  In Defendant's view, to allow Mr. Ellis to bill for appearances with Mr. Levin would effectively be awarding Mr. Levin a $370 per hour rate, which is not the prevailing rate in the community for this type of case. Defendant also contends that some of Ms. Dorsey's time is duplicative of Mr. Levin's time.

Finally, Defendant complains that the Motion does not comply with Local Rule 54.3.  Defendant notes that, although Plaintiffs' counsel labeled each work entry with the litigation phase, they did not group the entries by litigation phase. Defendant also argues that counsel's billing entries have inadequate descriptions and counsel did not attach any invoices or receipts in support of Plaintiffs' request for costs.

In their reply, Plaintiffs argue that Appeal 1 and Appeal 2 were necessary to resolve the ultimate issue in this case, *i.e.* whether Defendant's proposed placement of Student for the 2004-2005 school year denied him a FAPE.  Plaintiffs could not move for attorney's fees after Appeal 1 and Appeal 2 because they were not the prevailing party on this issue until the May 2008 Order.

With regard to Ms. Dorsey's hourly rate, Plaintiffs argue that Knox was an Americans with Disabilities Act ("ADA") case and that the ADA is similar to the IDEA, with similar fee shifting provisions.  Plaintiffs state that counsel mistakenly

10

requested $150 per hour for Ms. Dorsey in <u>Alicia F.</u>, and they argue that the courts should not use this mistake to limit Ms. Dorsey's fees in all cases.

As to Defendant's double billing argument, Plaintiffs contend that, pursuant to <u>Alicia F.</u>, Mr. Levin and Mr. Ellis may both recover for the time they spend appearing at the same hearing.  According to Plaintiffs, the only hours that Judge Kurren excluded from Mr. Ellis' time in <u>Alicia F.</u> was time when both he and Mr. Levin met with their clients or other attorneys. Plaintiffs therefore argue that Mr. Levin and Mr. Ellis can both bill for time they spent meeting with each other.  Plaintiffs argue that these meetings are necessary to adequately and efficiently prepare for hearings and that Mr. Ellis' fees for assisting Mr. Levin in this regard are reasonable.  Similarly, Plaintiffs also argue that Ms. Dorsey did not double bill for Mr. Levin's time.  Plaintiffs contend that Ms. Dorsey's time is reasonable because, on July 22, 2005, Mr. Levin and Ms. Dorsey met to discuss the oral argument before the district judge in Appeal 1, and on July 25, 2005 Ms. Dorsey appeared with Mr. Levin and made the argument before the district judge.

Finally, Plaintiffs argue that the Motion complies with the requirements of Rule 54.3.[3]  Mr. Levin's declaration in

---

[3] Plaintiffs also argue that the time counsel spent preparing the instant Motion is compensable.  [Reply at 7.]
(continued...)

support of the Motion included the total hours for each stage of
litigation identified in Rule 54.3.  Plaintiffs' also contend
that counsel's work descriptions are consistent with the balance
between the information necessary to assess the reasonableness of
the fee request and the need to protect confidential information.

## DISCUSSION

### I.   Entitlement to Attorney's Fees

The district judge ruled that Plaintiffs are the
prevailing parties.  The IDEA provides:

> In any action or proceeding brought under this
> section, the court, in its discretion, may award
> reasonable attorneys' fees as part of the costs--
>      (I) to a prevailing party who is the parent
>      of a child with a disability[.]

20 U.S.C. § 1415(i)(3)(B)(i).  Defendant does not contest
Plaintiffs' entitlement to attorney's fees and costs, although
they raise several objections to the amount of the requested
award.  This Court therefore FINDS that Plaintiffs are entitled
to reasonable attorney's fees pursuant to § 1415(i)(3)(B)(i)(I).

### II.  Compliance with the Local Rules

Defendant apparently argues that the Court should not
consider the request for attorney's fees because Plaintiffs'
supporting documentation does not comply with the Local Rules.

---

[3](...continued)
Insofar as Defendant did not contest the reasonableness of these
hours, the Court will not discuss Plaintiffs' arguments on this
issue.  The Court notes that Plaintiffs did not expressly address
their entitlement to fees incurred in the Appeal 1 Fee Action.

Local Rule 54.3(d)1. states:

> Descriptions of work performed shall be organized by litigation phase as follows: (A) case development, background investigation and case administration (includes initial investigations, file setup, preparation of budgets, and routine communications with client, co-counsel, opposing counsel and the court); (B) pleadings; (C) interrogatories, document production, and other written discovery; (D) depositions; (E) motions practice; (F) attending court hearings; (G) trial preparation and attending trial;  and (H) post-trial motions.

Plaintiffs submitted counsel's chronological billing statements for Appeal 1 and the Appeal 1 Fee Action, Appeal 2, Appeal 3, and the Due Process Hearing.  [Exhs. A-D to Levin Decl.]  Each work item is designated as either: case development, pleadings, attending court hearings, or trial preparation and attending trial.  Each chronological statement is followed by separate statements for each litigation phase identified in that chronological statement.  The exhibits to the Motion and Mr. Levin's declaration clearly identify the number of hours spent on each litigation phase in each of the proceedings at issue in the instant Motion.  The Court therefore finds that the Motion complies with the requirements of Local Rule 54.3(d)1.

Defendant also argues that counsel's work descriptions in their billing statements do not adequately describe the services rendered.  The Local Rules state:

> The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be

13

evaluated.  In describing such services, counsel
should be sensitive to matters giving rise to
attorney-client privilege and attorney work
product doctrine, but must nevertheless furnish an
adequate non-privileged description of the
services in question.  <u>If the time descriptions
are incomplete, or if such descriptions fail to
describe adequately the services rendered, the
court may reduce the award accordingly.</u>  For
example, time entries for telephone conferences
must include an identification of all participants
and the reason for the call; entries for legal
research must include an identification of the
specific issue researched and, if possible, should
identify the pleading or document for which the
research was necessary; entries describing the
preparation of pleadings and other papers must
include an identification of the pleading or other
document prepared and the activities associated
with such preparation.

Local Rule LR54.3(d)2. (emphasis added).  While a literal

application of the rules carries a certain appeal in that such an

approach would most certainly streamline this Court's workload of

motions for attorney's fees, it would be rather harsh.  Even if

some of counsel's descriptions do not comply with Rule 54.3(d)2.,

this Court has the discretion whether or not to reduce the

requested award for insufficient descriptions.  The ultimate

question is whether there is sufficient information to allow the

Court to assess the reasonableness of the requested fee.  This

Court finds that, having reviewed counsel's time records in their

entirety, there is sufficient information to allow the Court to

determine the reasonableness of the requested fees.

The Court now turns to the amount of the fee award.

The Court will address the adequacy of Plaintiffs' documentation

14

of their request for costs *infra*.

## III. __Calculation of Attorney's Fees Award__

In calculating an award of reasonable attorneys' fees in IDEA cases, courts use the lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See, e.g., Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny"). A court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.

The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, and (5) the contingent nature of the fee agreement". Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated . . . is a disfavored calculation") (citations and quotation marks omitted). The Ninth Circuit, however, extending City of Burlington v. Daque, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar

15

calculation.  See Davis v. City & County of San Francisco, 976
F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other
grounds, 984 F.2d 345 (9th Cir. 1993).

Once calculated, the lodestar amount is presumptively
reasonable.  See Pennsylvania v. Delaware Valley Citizens'
Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer
v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000)
(stating that the lodestar figure should only be adjusted in rare
and exceptional cases).  The court must then decide whether to
adjust the lodestar amount based on an evaluation of the factors
articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70
(9th Cir. 1975), which have not been subsumed in the lodestar
calculation.  See Fischer, 214 F.3d at 1119.  The factors the
Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty
> and difficulty of the questions involved, (3) the
> skill requisite to perform the legal service
> properly, (4) the preclusion of other employment
> by the attorney due to acceptance of the case, (5)
> the customary fee, (6) whether the fee is fixed or
> contingent, (7) time limitations imposed by the
> client or the circumstances, (8) the amount
> involved and the results obtained, (9) the
> experience, reputation, and ability of the
> attorneys, (10) the "undesirability" of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

Kerr, 526 F.2d at 70.

Plaintiffs request the following lodestar amount for
work counsel performed in this case:

16

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Stanley E. Levin | 83.05 | $285 | $23,669.25 |
| Susan Dorsey | 31.3 | $185 | $ 5,790.50 |
| Bruce Ellis | 59.0 | $ 85 | $ 5,015.00 |
| | | Subtotal | $34,474.75 |
| | State Excise Tax of 4.712% | | $ 1,624.45 |
| | | TOTAL | $36,099.20 |

[Exhs. A-D to Levin Decl.]  Mr. Levin and Ms. Dorsey were admitted to the Hawaii State Bar in 1972 and 2000, respectively. Mr. Levin has litigated numerous IDEA cases in this district court.

### A.   **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263

(9th Cir. 1987).  Plaintiffs' counsel did not do this, but Ms. Dorsey cited a case in which the district court awarded her the $185 per hour rate she now requests, [Motion, Decl. of Susan K. Dorsey at ¶ 5 (citing Knox v. City & County of Honolulu, CIV. No. 04-00260 HG-KSC),] and Mr. Levin cited Alicia F. in support of his $285 per hour requested rate and Mr. Ellis' $85 per hour requested rate.  [Levin Decl. at ¶ 15.]  In addition, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.

Defendant argues that this Court should award Plaintiffs' counsel the applicable rates during the year that they performed the work, not their current hourly rates. Defendant acknowledges that Mr. Levin received $285 per hour in Alicia F., but Defendant notes that, prior to that decision, the district court awarded him $275 per hour.  [Mem. in Opp. at 7 (citing Alicia F. Order; Alicia F. Report).]

Plaintiffs argue that the Court can award attorneys' fees at counsel's current hourly rates to compensate them for the lengthy delay in receiving payment.

The Ninth Circuit stated:

> A court awarding attorney fees must look to the prevailing market rates in the relevant community.  We have held that the court has discretion to apply the rates in effect at the time the work was performed.  The court may also award rates at an attorney's current rate where

18

appropriate to compensate for the lengthy delay in receiving payment:

> Our cases have repeatedly stressed that attorney's fees awarded under this statute are to be based on market rates for the services rendered.  Clearly, compensation received several years after the services were rendered-as it frequently is in complex civil rights litigation-is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings.  We agree, therefore, that an appropriate adjustment for delay in payment-whether by the application of current rather than historic hourly rates or otherwise-is within the contemplation of the statute.
> Missouri v. Jenkins by Agyei, 491 U.S. 274, 284, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (internal citations omitted).

Bell v. Clackamas County, 341 F.3d 858, 868-69 (9th Cir. 2003) (some citations omitted).

In Alicia F., Mr. Levin received $285 for work performed from July 11, 2005 through the litigation of the attorney's fee award.  [CV 06-00268, Pltfs.' Motion to Approve Settlement & Award Attorneys' Fees and Costs, filed Aug. 11, 2006 (dkt. no. 15), Exhs. C-D.]  In the instant case, Plaintiffs seek attorney's fees for work performed from March 24, 2005.  Thus, an hourly rate of $285 from at least July 11, 2005 to the present is consistent with Alicia F.  Assuming, arguendo, that the district court awarded Mr. Levin an hourly rate of $275 prior to July 11, 2005, Mr. Levin performed 16.9 hours of work in the instant case prior to July 11, 2005.  If the Court awarded Mr. Levin $285 per

hour for the duration of this case, that could result in an additional award of $10 per hour for a maximum of 16.9 hours, or up to $169.00.  The Court finds that such additional compensation is reasonable in light of the delay in receiving payment for work performed over three years ago.  The Court therefore, in the exercise of its discretion, finds that a reasonable hourly rate for Mr. Levin is $285 for all work in these proceedings.

Defendant also argues that Ms. Dorsey's $185 hourly rate is excessive.  Defendant notes that, in Alicia F., she received $150 per hour, and the case in which the district court awarded her $185 per hour, Knox, was not an IDEA case.  Knox, however, was an ADA case.  The IDEA and the ADA serve similar purposes and have similar fee-shifting provisions.  Compare 20 U.S.C. § 1415(i)(3)(B)(i)(I) with 42 U.S.C. § 12205.  The fee award in Knox apparently covered work in 2004 and 2005.  Thus, Knox would support an award of Ms. Dorsey's $185 per hour rate in this case.  The Court notes that the plaintiffs in Alicia F. requested and received $150 per hour for Mr. Dorsey.  For whatever reason, counsel sought a lower rate than the district court had previously awarded Ms. Dorsey.  [Alicia F., CV 06-00268, Pltfs.' Reply to Def.'s Mem. in Opp. to Pltfs.' Motion to Approve Settlement and Award Attorneys' Fees and Costs, filed Sept. 29, 2006 (dkt. no. 20), at 9 n.1 ("Plaintiffs' Counsel notes that the rate requested for the work performed by

Ms. Dorsey in this case is less than the $185.00 hourly rate previously awarded by courts in this District.").] Thus, Alicia F. does not present a situation in which Ms. Dorsey requested a $185 per hour rate and the district court reduced her rate to $150 per hour.  This Court therefore finds that Alicia F. is not controlling as to Ms. Dorsey's hourly rate in this case. Further, the instant case involved work through 2008, and $185 is a reasonable hourly rate for an attorney who has been practicing for eight years and who has Ms. Dorsey's skill and reputation. This Court therefore finds that Ms. Dorsey's $185 requested hourly rate is manifestly reasonable for all work in these proceedings.

Defendant does not contest Mr. Ellis' hourly rate and this Court notes that the district court has previously awarded him this rate in cases such as Alicia F.  The Court therefore finds that Mr. Ellis' $85 requested hourly rate is manifestly reasonable.

B.   **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding

21

fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  <u>See</u> <u>id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

### 1.   **Appeal 1 and Appeal 2**

Defendant argues that Plaintiffs' fee award should be limited to the fees associated with the Due Process Hearing and Appeal 3.  [Mem. in Opp. at 5-6.]  Defendant argues that nothing in the May 2008 Order authorizes an award of fees for Appeal 1 and Appeal 2.  Further, Plaintiffs did not file the instant Motion within fourteen days of the judgments in Appeal 1 and Appeal 2.

### a.   **Entitlement to Fees from Prior Actions**

In a recent IDEA case, Senior United States District Judge Alan C. Kay noted:

> First, the Court emphasizes that as the prevailing party, Plaintiffs are entitled to all fees and costs incurred in the pursuit of their claim, including time spent on unsuccessful efforts.  <u>See</u>, <u>e.g.</u>, <u>Cabrales v. County of Los Angeles</u>, 935 F.2d 1050, 1053 (9th Cir. 1991) ("If

22

a plaintiff ultimately wins on a particular claim,
she is entitled to all attorney's fees reasonably
expended in pursuing that claim - even though she
may have suffered some adverse rulings."). For
example, in Cabrales, the Ninth Circuit
interpreted the Supreme Court's decision in
Hensley as "establishing the general rule that
plaintiffs are to be compensated for attorney's
fees incurred for services that contribute to the
ultimate victory in the lawsuit." Id. at 1052.
The Cabrales court further explained that "even if
a specific claim fails, the time spent on that
claim may be compensable, in full or in part, if
it contributes to the success of other claims."
Id.; see also Gilbrook v. City of Westminster, 177
F.3d [839,] 879 [(9th Cir. 1999)] (quoting
Cabrales, 935 F.2d at 1053) (stating that a
"plaintiff who is unsuccessful at a stage of
litigation that was a necessary step to her
ultimate victory is entitled to attorney's fees
even for the unsuccessful stage").

[D.C. v. Dep't of Educ., CV 07-00362 ACK-KSC, Order Adopting in

Part & Rejecting in Part the Report of Special Master &

Resubmitting Motion for Attorneys' Fees & Costs to Special Master

with Instructions, filed July 25, 2008 (dkt. no. 47), at 15-16.]

Although this discussion addressed the plaintiffs' entitlement to

attorney's fees incurred in the administrative proceeding which

was the subject of that case, this Court finds that Judge Kay's

reasoning also applies to the consideration of prior related

appeals. Further, Ninth Circuit caselaw supports the award of

attorney's fees incurred in other cases where the work counsel

performed was necessary to the success obtained by the party

seeking fees. See Armstrong v. Davis, 318 F.3d 965, 971 (9th

Cir. 2003) (stating that "the award of fees should cover 'every

item of service which, at the time rendered, would have been
undertaken by a reasonably prudent lawyer to advance or protect
his client's interest' in the case at bar" (quoting Hasbrouck v.
Texaco, Inc., 879 F.2d 632, 638 (9th Cir. 1989))).

        In Hasbrouck, an antitrust action, the Ninth Circuit
affirmed an award of attorney's fees incurred for work done on an
amicus brief before the United States Supreme Court in a separate
case that did not involve the Hasbrouck defendants.   See 879 F.2d
at 638.   In Armstrong, the Prison Law Office, which represented
the plaintiffs, agreed to represent the plaintiffs in Yeskey v.
Penn. Dep't of Corr., after the Supreme Court granted certiorari
in that case, because Yeskey addressed the same legal issue as
Armstrong.   See Armstrong, 318 F.3d at 968-69.   In determining
the attorney's fees that the Armstrong plaintiffs were entitled
to when they prevailed in their case, the district court found
that "to protect Plaintiffs' interests in Armstrong, it would
have been useful and necessary at least to have filed an amicus
brief in Yeskey, [and] . . . . awarded a fee that it found would
have been appropriate for the work necessary to prepare an amicus
brief[.]"   Id. at 971.   The Ninth Circuit affirmed the award.
See id. at 975.

        An award of fees in Appeal 1 and Appeal 2, which
involved the same counsel and the same parties, is consistent
with Hasbrouck and Armstrong.   Plaintiffs were pursuing the same

24

claim in Appeal 1 and Appeal 2 that they pursued in the instant case.  In Appeal 1, the district judge directed the hearings officer to address whether Defendant's proposed location for the 2004-2005 school year denied Student a FAPE.  In Appeal 2, the district judge again remanded the case to the administrative level for consideration of that issue.  Ultimately, in Appeal 3, the district judge round that Defendant denied Student a FAPE for the 2004-2005 school year and ordered Defendant to reimburse Plaintiffs for Student's expenses for that year.  The attorney's fees incurred in Appeal 1 and Appeal 2 contributed to Plaintiffs' ultimately victory in the instant case because the district judge's rulings in Appeal 1 and Appeal 2 were necessary to secure the Due Process Hearing, which was the subject of Appeal 3.

### b.   **Timeliness of Fee Request**

Defendant further argues the instant Motion is untimely with regard to the fees incurred in Appeal 1 and Appeal 2.  Local Rule 54.3(a) states: "Unless otherwise provided by statute or ordered by the court, a motion for an award of attorneys' fees and related non-taxable expenses must be filed within fourteen (14) days of entry of judgment."  Plaintiffs filed the Appeal 1 Fee Action within fourteen days of the entry of judgment in Appeal 1.  Judge Seabright ultimately found that Plaintiffs were not the prevailing party because nothing that had transpired to that point either in federal court or at the administrative level

changed the relationship between the parties.  Plaintiffs did not have a judgment, consent decree, or settlement to enforce requiring Defendant to reimburse them for Student's education expenses.  Similarly, Plaintiffs still did not have a judgment, consent decree, or settlement to enforce after Appeal 2. Plaintiffs therefore could not have filed a motion for attorney's fees within fourteen days of the entry of judgment in Appeal 2. Plaintiffs are now entitled to fees and costs by virtue of the district judge's rulings in the instant case, Appeal 3. Plaintiffs' request for fees from Appeal 1 and Appeal 2 is therefore timely because they filed the instant Motion within fourteen days of the entry of judgment in the instant case.  This Court therefore FINDS that Plaintiffs' are entitled to recover attorney's fees for counsel's work on Appeal 1 and Appeal 2.

### 2. **Appeal 1 Fee Action**

The Appeal 1 Fee Action, however, only addressed Plaintiffs' entitlement to fees; it did not address the issue whether Defendant's proposed location denied Student a FAPE. This Court therefore finds that the attorney's fees incurred in the Appeal 1 Fee Action did not contribute to Plaintiffs' ultimate success in the instant case.  The Court will deduct 15.1 hours from Mr. Levin's time and 3.9 hours from Mr. Ellis' time for work associated with the Appeal 1 Fee Action.

3.   **Travel**

Mr. Levin, Ms. Dorsey, and Mr. Ellis each billed time for travel to and from various appearances during the Due Process Hearing and the three appeals at issue in the instant Motion.

This Court typically allows counsel to claim reasonable travel time for case-related travel to and from the other islands or the mainland.  See Goray v. Unifund CCR Partners, et al., CV 06-00214 HG-LEK, Report of Special Master on Plaintiff's Motion for Attorney's Fees and Costs at 13 (June 13, 2008) (travel to Cincinnati for depositions); Apana v. TIG Ins. Co., CV 06-00653 JMS-LEK, Report of Special Master on Plaintiff Bill H. Apana's Motion for Attorney's Fees at 10-11 (July 7, 2008) (travel from Kauai to Oahu, and back, for a hearing on motion for summary judgment and a settlement conference).[4]  This Court, however, does not award attorney travel time from their offices to the courthouse, unless they performed legal services while in transit.  See, e.g., Kajitani v. Downey Savings & Loan Ass'n, CV 07-00398 SOM-LEK, Order Awarding Attorney's Fees and Costs at 6-7 (April 1, 2008).  Such time should be subsumed within the attorney's fee charged for the appearance.

The instant case did not involve travel to the mainland or the other islands.  This Court will therefore deduct 2.7 hours

---

[4] The district judge in Goray adopted this Court's Report of Special Master on July 11, 2008, and the district judge in Apana adopted this Court's Report of Special Master on August 21, 2008.

from Mr. Levin's time, 0.5 hours from Ms. Dorsey's time, and 1.6 hours from Mr. Ellis' time for travel.

### 4. **Clerical or Ministerial Tasks**

The Court also notes that clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate. See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003). This Court finds that a number of Mr. Ellis' entries are for clerical tasks, including gathering documents, batestamping exhibits, and filing documents for the Due Process Hearing. The Court will therefore deduct 1.2 hours from Mr. Ellis' time.

In addition, Mr. Ellis spent 0.2 hours in telephone conferences with the Court and Defendant's counsel regarding being late for the September 17, 2007 scheduling conference. Counsel's schedule is within their control and, if they are going to be late for a court appearance, counsel should assume the costs of making the necessary arrangements for their tardiness. The Court will therefore deduct 0.2 hours from Mr. Ellis' time.

### 5. **Duplicate Billings**

Defendant argues that Plaintiffs' request contains improper duplicate billings because counsel charged for both Mr. Levin's and Mr. Ellis' appearances at various meetings and proceedings, as well as both Mr. Levin's and Ms. Dorsey's joint appearances. Plaintiffs argue that Mr. Ellis' and Ms. Dorsey's

28

time is compensable when they appear at court or administrative proceedings and act as Mr. Levin's second-chair.  This Court agrees and finds that Ms. Dorsey's and Mr. Ellis' time for appearances with Mr. Levin at administrative or court proceedings is compensable.

Plaintiffs also argue that, pursuant to <u>Alicia F.</u>, the only tasks that should be excluded from Mr. Ellis' time are meetings that he and Mr. Levin both attend with a client or another attorney.  Plaintiffs argue that both Mr. Levin's and Mr. Ellis' time is compensable when they meet with each other because such meetings are necessary to prepare for hearings.  This Court disagrees.  Neither the <u>Alicia F.</u> Order nor the <u>Alicia F.</u> Report expressly addressed whether Mr. Ellis and Mr. Levin may both bill for time that they spend meeting with each other.  The district judge noted that "the general rule is that two professionals cannot bill for the same meeting."  [<u>Alicia F.</u> Order at 9.]  This Court has applied the general rule in other IDEA cases and has deducted duplicative time when the plaintiffs' counsel met with each other or with their support staff.  <u>See</u>, <u>e.g.</u>, <u>Loveland Academy, LLC, et al. v. Hamamoto, et al.</u>; CV 02-00693 HG-LEK; Report of Special Master on Plaintiffs' Motion for Award of Attorneys' Fees and Costs, filed August 13, 2008, at 26 (citing <u>In re Mullins</u>, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three

attorneys billed time spent attending a meeting together));[5]

Brandon E., et al. v. Dep't of Educ., CV 07-00536 ACK-LEK, Report of Special Master on Plaintiffs' Motion Determining Plaintiffs as Prevailing Party and for an Award of Attorneys' Fees and Costs, filed September 4, 2008, at 21-22 (citing Loveland).  In Mullins, the court also deducted time "billed by Edmundson for attending two joint defense meetings that Wilson also attended[.]"  84 F.3d at 467 (citing In re North (Bush Fee Application), 59 F.3d 184, 190 (D.C. Cir. 1995)).  In the present case, as in Bush, "though it may be reasonable for a solvent client charged with a serious offense to pay the additional costs of having a highly staffed case, this does not mean that [Plaintiffs have] established the reasonableness of billing that sort of duplication . . . to the public fisc."  59 F.3d at 190 (citations omitted).

        This Court finds that Plaintiffs cannot be compensated for Mr. Ellis' time spent meeting with either Mr. Levin or Ms. Dorsey, if the attorney also billed for the meeting, nor can Plaintiffs be compensated for Ms. Dorsey's time spent meeting with Mr. Levin, if he also billed for the meeting.  This Court will therefore deduct 7.5 hours from Mr. Ellis' time entries and 2.5 hours from Ms. Dorsey's time entries that remain after the

_____

        [5] The defendants' objections to this Court's Report of Special Master in Loveland are currently before the district judge.

deductions discussed *supra*.[6]

The Court finds that the remainder of counsel's time was reasonably and necessarily incurred in these proceedings.

### C.   Total Lodestar Award

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Stan E. Levin | 65.25 | $285 | $18,596.25 |
| Susan Dorsey | 28.3 | $185 | $ 5,235.50 |
| Bruce Ellis | 44.6 | $ 85 | $ 3,791.00 |
| | | Subtotal | $27,622.75 |
| | State Excise Tax of 4.712% | | $ 1,301.58 |
| | | TOTAL | $28,924.33 |

The Court declines to adjust the award based on the remaining <u>Kerr</u> factors.

### IV.   Costs

As the prevailing party, Plaintiffs are entitled to reasonable costs incurred in the administrative proceeding and in the instant case.  <u>See</u> 20 U.S.C. § 1415(i)(3)(B)(i)(I). Plaintiffs seek a total of $1,689.92 in costs, consisting of the

---

[6] The Court notes that 1.2 hours of Mr. Ellis' time is clearly non-compensable pursuant to <u>Alicia F.</u> because it was for a meeting with their client and a meeting with Defendant's counsel, both of which Mr. Levin also billed for.

following expenses:

```
                  PHOTOCOPIES                         1.20
                                                     -----
                  TOTAL EXPENSES                      1.20
                  GENERAL EXCISE TAX ON EXPENSES      0.06

   04/20/05  FILING FEE . . .                       268.00
   04/20/05  SERVICE FEE . . .                       50.00
   08/31/05  OUTSIDE MESSENGER SERVICE . . .          7.50
   11/18/05  FILING FEE . . .                       259.00
   12/01/05  SERVICE FEE . . .                        25.00
                                                    ------
             TOTAL ADVANCES                         609.50
```

[Exh. A to Levin Decl. at 4-5.]  Thus, Plaintiffs seek $610.76 in

costs associated with Appeal 1 and the Appeal 1 Fee Action.

```
   01/13/06  FILING FEE . . .                       268.00
   01/26/06  SERVICE FEE . . .                       50.00
   03/27/06  OUTSIDE MESSENGER SERVICE . . .          7.50
   06/28/06  OUTSIDE COPY SERVICE -
             PROFESSIONAL IMAGE, INC.                23.18
   06/08/06  OUTSIDE COPY SERVICE -
             STATE OF HAWAII . . .                  240.00
                                                    ------
             TOTAL ADVANCES                         588.68
```

[Exh. B to Levin Decl. at 3 (Appeal 2).]

```
   03/06/07  OUTSIDE COPY SERVICE -
             PROFESSIONAL IMAGE, INC.                72.48
   05/15/07  FILING FEE . . .                       368.00
   05/15/07  SERVICE FEE . . .                        50.00
                                                    ------
             TOTAL ADVANCES                         490.48
```

[Exh. C to Levin Decl. at 3 (Appeal 3).]  The Motion does not

include any other information about the requested costs.

        First, the November 18, 2005 filing fee and the

December 1, 2005 service fee relate to the Appeal 1 Fee Action.

For the reasons stated in section III.B.2., this Court finds that

32

those costs are not compensable in the instant case.  The Court
RECOMMENDS that the district judge DENY Plaintiffs' request for
costs associated with the Appeal 1 Fee Action.

With regard to the rest of Plaintiffs' costs, Local
Rule 54.3(d)3. states: "In addition to identifying each requested
non-taxable expense, the moving party shall set forth the
applicable authority entitling the moving party to such expense
and should attach copies of invoices and receipts, if possible."
The Court also notes that, "[t]he practice of this court is to
allow taxation of copies at $.15 per page or the actual cost
charged by commercial copiers, provided such charges are
reasonable."  Local Rule LR54.2(f)4.  The docket sheets reflect
that Plaintiffs paid a $250.00 filing fee in Appeal 1 and Appeal
2, and a $350 filing fee in Appeal 3.  This Court therefore
RECOMMENDS that the district judge award Plaintiffs $850.00 in
costs, representing the filing fees paid in the three appeals.

With the exception of the filing fees, the Court cannot
determine whether the requested costs were reasonably and
necessarily incurred in these proceedings because Plaintiffs did
not provide any information other than counsel's billing
statements.  The Court, however, will allow Plaintiffs to submit
further declarations and/or supporting documentation justifying
counsel's expenses, excluding counsel's expenses for the Appeal 1
Fee Action.

33

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, filed May 27, 2008, be GRANTED IN PART AND DENIED IN PART.  The Court FINDS that Plaintiffs are entitled to reasonable attorney's fees and costs incurred in Appeal 1, Appeal 2, the Due Process Hearing, and Appeal 3.  The Court RECOMMENDS that the district judge award Plaintiffs $28,924.33 in attorneys' fees, and $850.00 in costs, for a total award of $29,774.33.  The Court further RECOMMENDS that the district judge DENY Plaintiffs' request for costs associated with the Appeal 1 Fee Action.

In addition, the Court GRANTS Plaintiffs leave to file supplemental documentation in support of their request for costs by **September 30, 2008**.  Defendant may file a response to Plaintiffs' supplemental documentation by **October 3, 2008**.  The Court will issue an amendment to this Report thereafter.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 23, 2008.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MELODEE H., ET A. V. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CV 07-00256 HG-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

34